## APPEAL OF KANSAS MILLING CO.

Docket No. 2835.   Submitted July 15, 1925.   Decided February 13, 1926.

The taxpayer's books of account showed payments for additions and improvements as expenses. By reason thereof the reserve set up for depreciation was less than the amount of depreciation actually sustained. *Held*, that, upon all the evidence, the invested capital shown by the taxpayer on its books should not be adjusted either for capital additions or depreciation in prior years. *Appeal of Cleveland Home Brewing Co.*, 1 B. T. A. 87.

*P. J. Barnes, C. P. A.*, and *O. R. Abel, C. P. A.*, for the taxpayer.
*Arthur H. Fast, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits tax for the year 1917 in the amount of $63,080.82.

FINDINGS OF FACT.

The taxpayer is a Kansas corporation, with its principal office at Wichita. It was organized in 1907 and is engaged in the manufacture of flour and grist mill products. It is a close corporation, its stock having always been held by a small group of individuals. Two flour and grist milling plants are operated by the taxpayer, one of which is located at St. John, Kans., and the other at Wichita.

During the period 1907 to and including the year 1916, certain sums expended for additions, betterments, renewals, and replacements, but not all such expenditures, were charged to current operating expenses rather than to capital accounts. However, depreciation, specifically as such, was not charged off on the books uniformly at stated periods, it being the opinion of the directors and officers that the additions, betterments, renewals, and replacements, which were annually being charged to current operating expenses, were sufficient to offset any depreciation which was taking place.

On December 31, 1916, the plant and all other fixed assets, exclusive of land, appeared on the taxpayer's books at an aggregate value of $364,894.87. · Against this value there appeared a reserve for depreciation in the total sum of $19,324.19.

As the result of an examination of the taxpayer's books of account by a revenue agent and the recommendations of that officer, the Commissioner, for the purpose of computing the taxpayer's invested capital, increased the book values of the plant and fixed assets by the aggregate amount of $47,172.69. This latter sum represented the aggregate cost of additions, betterments, renewals, and replacements, which the revenue agent was able to identify as such, which

had been charged to current operating expenses from 1907 to 1916, inclusive. At the same time and for the same purpose, the Commissioner increased the reserve for depreciation, as it appeared on the books, from $19,324.19 to $98,681.59, an increase of $79,357.40. Thus the Commissioner has reduced the surplus as shown by the books, for the purpose of computing invested capital, by the net amount of $32,184.71.

The reserve for depreciation as computed by the Commissioner, in the sum of $98,681.59, results from an application of the straight-line theory of depreciation from 1907 to the end of 1916.

In computing the deduction from gross income to which this taxpayer is entitled on account of depreciation of physical assets, the Commissioner failed to provide for any depreciation sustained with respect to the physical properties comprising the plant at Saint John, Kans. This appears to be an inadvertence, brought about by the fact that the properties comprising this plant are not carried in the regular property accounts, but are carried in a separate account on taxpayer's books denominated " St. John Investment Account." The nature of this account was not made known to the revenue agent whose depreciation schedules were made the basis for the Commissioner's allowance for depreciation.

The property comprising this plant and the cost thereof are as follows:

| | |
|---|---:|
| Ice plant | $11,000 |
| Manager's residence | 3,000 |
| Machinery | 46,000 |
| Building | 15,000 |
| Total | $75,000 |

The ice plant had a useful life of 10 years; the manager's residence, 20 years; the machinery 10 years, and the building 20 years.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 15 days' notice, in accordance with Rule 50.

### OPINION.

SMITH: In its petition the taxpayer alleges that the deficiency is predicated, in part, upon the following errors:

(a) That the Commissioner has arbitrarily reduced the invested capital shown on the taxpayer's books of account, without adducing

affirmative evidence that such books of account overstated the amount of invested capital within the meaning of the tax statutes.

(b) That the Commissioner has not allowed the taxpayer a reasonable allowance for the exhaustion, wear and tear of property arising out of its use or employment in the business.

(c) That the Commissioner erred in computing its excess-profits-tax liability for the year 1917 under the provisions of section 201 of the Revenue Act of 1917, whereas, in view of existing circumstances, such determination should have been made under the provisions of section 210.

The first allegation of error is directed toward the Commissioner's action in rejecting, for invested capital purposes, the reserve for depreciation as shown by the taxpayer's books and substituting therefor a reserve of a considerably greater amount, thereby materially reducing taxpayer's invested capital.

The evidence before us indicates that at January 1, 1917, the taxpayer had accrued on its books a reserve for depreciation in the sum of $19,324.19; that, in addition to this reserve, the taxpayer from 1907 to the close of 1916, had charged as current operating expense certain capital expenditures in lieu of charging off depreciation, specifically as such, annually at uniform rates; that of the capital expenditures charged to operating expense the revenue agent was able to identify items totaling $47,172.69, and this amount the Commissioner restored to the asset accounts and to invested capital; and that, by the application of a mathematical formula to property costs, based upon the straight-line theory of depreciation, going back to the date of taxpayer's organization, the Commissioner has determined that the reserve for depreciation at the beginning of the taxable year 1917 should be stated in the sum of $98,681.59.

We can not approve the Commissioner's action in this respect. It appears from the facts that, from 1907 to the end of 1916, the taxpayer took depreciation upon its books as such in the amount of $19,324.19, and in addition thereto expended at least the amount of $47,172.69 in betterments and additions which were not capitalized. The question here involved is the determination of the invested capital of this taxpayer as of January 1, 1917. For that purpose the Commissioner has, on the one hand, added the above amount of $47,172.69 to capital items, and, on the other hand, has applied straight-line depreciation to the taxpayer's assets from 1907 to 1917. The facts are thus not substantially different from the facts in the *Appeal of Cleveland Home Brewing Co.*, 1 B. T. A. 87. In that appeal we said (p. 91):

Depreciation, we have already said, is a question of fact. Congress has allowed taxpayers "a reasonable allowance for * * * wear and tear of

property used in the trade or business " as a deduction from income, to make whole their capital investments before levying a tax upon that income. The Commissioner in this case asks us to accept a readjustment of taxpayer's invested capital upon a mere assumption that the property of *this taxpayer* was reasonably depreciable at certain arbitrary rates and in equal annual amounts over a period of 11 *completed* years. No evidence is offered that the alleged depreciation has actually occurred. None is even offered that property of the kind here in question usually deteriorates at approximately the rates used in the computations of the examining agent. Upon the record so made, we must sustain the position of the taxpayer.

The evidence before us discloses that the amount charged off its books by the taxpayer against its physical assets, both in the reserve and in capital expenditures charged to expense, was substantial. There is no evidence before us that such assets suffered any greater depreciation than the amount so charged off, or that the Commissioner's computation is more nearly correct than the taxpayer's. In these circumstances, we are of the opinion that no change should be made either in the asset accounts or in the depreciation reserve as they stand in the taxpayer's books as of January 1, 1917. *Appeal of Cleveland Home Brewing Co., supra; Appeal of Russell Milling Co.,* 1 B. T. A. 194; *Appeal of Rub-No-More Co.,* 1 B. T. A. 228; *Appeal of City National Bank,* 2 B. T. A. 623.

As pointed out in our findings of fact, the deduction for depreciation which the Commissioner has allowed the taxpayer for the year 1917 does not include any allowance for depreciation of the physical properties comprising the plant located at St. John, Kans. Any part of the deficiency occasioned by the failure of the Commissioner to make such an allowance is in error. The costs of the properties comprising this plant are set out in our findings of fact. We conclude that those costs should form the basis for the determination of a reasonable allowance for depreciation, computed at the following rates: Ice plant, 10 per cent; manager's residence, 5 per cent; machinery, 10 per cent; building, 5 per cent.

In support of its allegation of error, that the Commissioner erred in determining its excess-profits tax under the provisions of section 201 of the Revenue Act of 1917, when, under the existing circumstances, such determination should have been made under the provisions of section 210, the taxpayer contends that its invested capital can not be satisfactorily determined. We are unable to find, from any evidence which has been presented to us, that the invested capital is not susceptible of accurate ascertainment, or that the invested capital as determined by the Commissioner, subject to adjustment in accordance with this opinion, is not correct.